UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:15-CR-27-TAV-DCP-5 |
| COURTNEY NEWMAN, | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on defendant's motion for compassionate release [Doc. 1199]. The United States has filed a response [Doc. 1210], and defendant has filed a reply [Doc. 1216]. For the reasons discussed, defendant's motion [Doc. 1199] will be **DENIED**.

**I.    Background**

On February 13, 2020, a jury convicted defendant of aiding and abetting in maintaining a business for the purpose of illegally distributing Schedule II controlled substances in violation of 21 U.S.C. § 856(a)(1) [Doc. 860]. Defendant was sentenced to a term of imprisonment of 40 months to be followed by a term of supervised release of three years [Doc. 1063; Doc. 1118 pp. 4–27].

Defendant is housed at Alderson FPC, which currently has four active cases of COVID-19 amongst inmates, five active cases amongst staff, and 77 staff and 654 inmates have been fully vaccinated against COVID-19. COVID-19: Coronavirus, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited July 13, 2022).

Defendant is 47 years old and claims to suffer from asthma and hypertension as well as other mental and medical conditions [Docs. 1199, 1207]. Defendant is scheduled for release on August 9, 2023. Inmate Locator, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited July 13, 2022).

**II.     Legal Standard**

A court generally lacks "the authority to change or modify [a sentence, once imposed,] unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (citing *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). The First Step Act of 2018's amendment of § 3582(c)(1)(A) revised one such exception. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239. Prior to the First Step Act, a district court could grant relief under § 3582(c)(1)(A) only on motion of the Director of the Bureau of Prisons. Now, a court may modify a defendant's sentence upon a motion by a defendant if the defendant has "exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

If the defendant surmounts this preliminary hurdle, the court may grant a sentence reduction "after considering the factors set forth in section 3553(a) to the extent that they are applicable" if it finds:

(i) extraordinary and compelling reasons warrant such a reduction; or

2

> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

*Id.*

If the exhaustion requirement is satisfied, courts must then follow the statute's three-step test:

> At step one, a court must "find[]" whether "extraordinary and compelling reasons warrant" a sentence reduction. At step two, a court must "find[]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (alterations in original) (citations and footnotes omitted). "In cases where incarcerated persons [as opposed to the Bureau of Prisons] file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Id.* at 1111. "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed

3

in § 3582(c)(1)(A) is lacking and do not need to address the others" but must "address all three steps" if granting a motion. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

## III. Analysis

### A. Section 3582(c)(1)(A)'s Preliminary Threshold to Relief: Exhaustion

The Court examines first whether defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement. *See United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020). "When 'properly invoked,' mandatory claim-processing rules 'must be enforced.'" *Id.* at 834 (quoting *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17 (2017)). The only exceptions to such a mandatory claim-processing rule are waiver and forfeiture. *Id.* (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002)).

The parties dispute whether defendant has satisfied the exhaustion requirement. However, the Court finds it unnecessary to address this issue because, as discussed *infra*, the § 3553(a) factors weigh against compassionate release. *See also United States v. Jackson*, No. 19-CR-20396, 2022 U.S. Dist. LEXIS 5770, at *14 (E.D. Mich. Jan. 11, 2022) (declining to address whether the defendant satisfied the exhaustion requirement because his motion failed on the merits); *see also United States v. Vargas*, 854 F. App'x 70, 70–71 (7th Cir. 2021) (stating that a district court may deny a motion for compassionate release on the merits in lieu of addressing the exhaustion requirement).

### B. Section 3553(a) Factors

As noted above, the Court need not consider all three statutory prerequisites if any one would serve as a basis for denial. *Elias*, 984 F.3d at 519. In this instance, the § 3553(a)

4

factors weigh against compassionate release, so the Court need not address whether defendant has satisfied the extraordinary and compelling reasons prong of the analysis. Section "3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case." *Jones*, 980 F.3d at 1108 (alterations in original) (citation omitted). The "overarching" inquiry under § 3553(a) is whether the sentence imposed is "sufficient, but not greater than necessary, to comply with the purposes" outlined in § 3553(a)(2). 18 U.S.C. § 3553(a); *see also Pepper v. United States*, 562 U.S. 476, 491 (2011). To this end, § 3553(a) directs the court to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed, the kinds of sentences available, the applicable guideline range, any pertinent policy statement, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to any victims. 18 U.S.C. § 3553(a); *see also Pepper*, 562 U.S. at 491.

The Court begins with the criminal conduct at issue in this case. The presentence investigation report indicates that between October 2013 and March 2014, defendant was employed as a nurse practitioner at a pain clinic [Doc. 1003 ¶ 66]. Defendant prescribed hundreds of thousands of opioids, which translated to tens of thousands of kilograms of converted drug weight, and her offense involved a breach of trust [*Id.* ¶¶ 66, 117; Doc. 1118 pp. 5, 12].

The Court finds that defendant's offense was serious and involved a significant amount of controlled substances. While this was defendant's first conviction, the amount of opioids involved in this offense emphasizes its seriousness. The Court also considers that defendant's sentencing guidelines range was restricted to 235 to 240 months but that defendant received a sentence of only 40 months [Doc. 1118 p. 27].

The Court has also considered the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide the defendant with needed education and training, medical care, or other correctional treatment. *See* 18 U.S.C. § 3553(a). Further, the Court has considered the kinds of sentences available, the guideline sentencing range, and the need to avoid unwarranted disparities. *Id.* The need to avoid unwarranted sentencing disparities is particularly prevalent in this case, where the length of defendant's term of imprisonment is significantly less than the recommended sentence under the guidelines. The Court also recognizes defendant's efforts to rehabilitate and better herself in prison as well as her relatively low risk of recidivism, but the Court finds these factors do not outweigh the other sentencing factors as discussed. Thus, the Court finds the § 3553(a) factors weigh against compassionate release.

As noted above, defendant was sentenced to a term of imprisonment of 40 months, and she is due to be released August 9, 2023, approximately 13 months from now. The Sixth Circuit has ruled that courts may consider the amount of time a defendant has served

6

when ruling on a motion for compassionate release. *See United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020) ("[T]he need to provide just punishment, the need to reflect the seriousness of the offense, and the need to promote respect for the law permit the court to consider the amount of time served in determining whether a sentence modification is appropriate."). In this instance, although defendant has served the majority of her sentence, she still has a significant amount of time left to serve. The Court finds that the length of time left on defendant's sentence is another factor that weighs against compassionate release.

The Court is aware of defendant's medical conditions and the risk that the ongoing pandemic poses to defendant and others. That risk is somewhat lessened by the fact that the Bureau of Prisons has begun vaccinating inmates against COVID-19, and, as the Court noted above, less than 10 individuals at defendant's facility currently have COVID-19, and 645 inmates have already been vaccinated, including defendant, even though she has not received a booster shot [Doc. 1211 p. 87]. The Court in no way diminishes the risk COVID-19 continues to present, but the Court must still balance the § 3553(a) factors against all other relevant evidence.

In reaching this decision, the Court has considered the parties' filings, the presentence investigation report, the § 3553(a) factors and other relevant law, and the record as a whole. While the Court notes defendant's medical condition, that is only part of the compassionate release calculus. On the record before the Court, the sentencing factors weigh against early release.

7

## IV. Conclusion

For the foregoing reasons, defendant's motion for compassionate release [Doc. 1199] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE
